# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NORTH DAKOTA
# SOUTHWESTERN DIVISION

| | | |
|---|---|---|
| Arnegard Holdings, LLC, and<br>Arnegard WW Holdings, LLC,<br><br>    Plaintiffs,<br><br> vs.<br><br>Tri-State Consulting Engineers, Inc.,<br>Steven W. Syrcle, Advanced Wastewater<br>Engineering, P.C., and George Miles,<br><br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | **ORDER REQUIRING ADDITIONAL<br>DISCLOSURE BY PLAINTIFFS**<br><br><br>Case No. 1:13-cv-124 |

Pending before the court is plaintiffs' motion to remand the above-entitled action to state court. For the reasons stated below, before ruling on the motion, the court will require plaintiffs to disclose the identities and citizenship of the beneficiaries of the trusts discussed below, both (1) at the time of the commencement of this action in state court and (2) at the time of removal.

## I.   BACKGROUND

Defendants removed this action to federal court on October 22, 2013, asserting that this court has federal diversity jurisdiction pursuant to 28 U.S.C. § 1332. On October 24, 2013, plaintiffs Arnegard Holdings, LLC and Arnegard WW Holdings, LLC ("plaintiffs" or "plaintiff LLCs") filed a motion to remand to state court for lack of subject matter jurisdiction, arguing that plaintiffs had failed to show complete diversity between the parties. On December 11, 2013, the court issued an order deferring ruling on the motion to remand and requiring plaintiffs to disclose the identities and citizenship of the members of the plaintiff LLCS. The order explained that the disclosure was required because the court had sufficient information to determine that all defendants were Idaho citizens but lacked sufficient information to determine plaintiffs' citizenship. On December 20,

2013, plaintiffs filed a "Statement of Members and Citizenship of the Plaintiffs" in accordance with the court's order.

According to plaintiffs' statement, the members of the two plaintiff LLCs are identical. Each of the plaintiff LLCs has two members. Those members are also LLCs ("second-tier LLCs"). The members of the second-tier LLCs are two additional LLCs ("third-tier LLCs").[1] Each third-tier LLC has one distinct member, a trust organized and existing under Arizona law ("member trusts"). The trustee of each member trust is identified as "an individual domiciled in the State of Arizona."

## II. DISCUSSION

Under 28 U.S.C. § 1332(a), federal district courts have subject matter jurisdiction over civil actions between parties with complete diversity of citizenship where the amount in controversy exceeds $75,000. Complete diversity exists when no defendant is a citizen of the same state as any plaintiff. OnePoint Solutions, LLC v. Borchert, 486 F.3d 342, 346 (8th Cir. 2007).

As stated in the court's previous order, for purposes of diversity jurisdiction, a limited liability company's citizenship is determined by the citizenship of each of its members. GMAC Commercial Credit LLC v. Dillard Dep't Stores, Inc., 357 F.3d 827, 829 (8th Cir. 2004). The method for determining a trust's citizenship for purposes of diversity jurisdiction is less clear. The courts that have decided the issue are split, and neither the United States Supreme Court nor the Eighth Circuit has directly addressed the issue.

Courts determining a trust's citizenship for diversity purposes have relied primarily upon two United States Supreme Court decisions, Navarro Savings Association v. Lee, 446 U.S. 458 (1980) and Carden v. Arkoma Associates, 494 U.S. 185 (1990). In Navarro, the Court addressed the issue

---

[1] One of the third-tier LLCs is a member of both second-tier LLCs. The other third-tier LLC is a member of one second-tier LLC.

of whether eight individual trustees of a business trust, suing in their own names, could invoke a federal court's diversity jurisdiction based on their citizenship and without regard to the citizenship of the trust's beneficial shareholders. 446 U.S. at 458. Relying on the proposition established early in the Court's history that "the 'citizens' upon whose diversity a plaintiff grounds jurisdiction must be real and substantial parties to the controversy," the Court concluded that diversity could be established based on the citizenship of the trustees, provided that the trustees were the real parties to the controversy. Id. at 460-62 (citing McNutt v. Bland, 2 How. 9, 15, 11 L.Ed. 159 (1844); Marshall v. Baltimore & Ohio R. Co., 16 How. 314, 328-329, 14 L.Ed. 953 (1854); Coal Co. v. Blatchford, 11 Wall. 172, 177, 20 L.Ed. 179 (1871)). The Court then reaffirmed its decision in Bullard v. Cisco, 290 U.S. 179, 189 (1933), "that a trustee is a real party to the controversy for purposes of diversity jurisdiction when he possesses certain customary powers to hold, manage, and dispose of assets for the benefit of others[,]" and concluded that diversity could be established based on the citizenship of the eight trustees because they possessed the requisite powers. Navarro, 446 U.S. at 464-65.

Ten years later, in Carden, the Court addressed the issue of whether, in a diversity suit brought by a limited partnership, the limited partnership's citizenship could be established based on the citizenship of the general partners without consideration of the citizenship of the limited partners. 494 U.S. at 186. The Court rejected the argument that the "real party to the controversy" test applied to determine a limited partnership's citizenship and concluded that its prior precedent required that the citizenship of "all of the members" must be considered when determining the citizenship of a non-corporate artificial entity for diversity purposes. Id. at 192-96. Accordingly, the Court held that the citizenship of both the general and limited partners had to be considered. Id.

3

at 195-96. In the decision, the Court distinguished Navarro, stating that "Navarro had nothing to do with the citizenship of the 'trust,' since it was a suit by the trustees in their own names." Carden, 494 U.S. at 192-93.

Following Navarro and Carden, lower courts have reached mixed results when determining a trust's citizenship for diversity purposes. Some, relying on Navarro, have concluded that a trust's citizenship is that of its trustees. E.g., Hicklin Engineering, L.C. v. Bartell, 439 F.3d 346, 348 (7th Cir. 2006) (stating that business trust has the citizenship of its trustees); Johnson v. Columbia Properties Anchorage, LP, 437 F.3d 894, 899 (9th Cir. 2006) (same); Homfeld II, L.L.C. v. Comair Holdings, Inc., 53 F. App'x 731, 732 (6th Cir. 2002) (same). Others have concluded that under Carden, the citizenship of the beneficiaries must be considered - at least when the trust is a party. E.g., Emerald Investors Trust v. Gaunt Parsippany Partners, 492 F.3d 192, 205 (3d Cir. 2007) ("Emerald Investors"); Riley v. Merrill Lynch, Pierce, Fenner & Smith, Inc., 292 F.3d 1334, 1337 (11th Cir. 2002), overruled on other grounds, Merrill Lynch, Pierce, Fenner & Smith Inc. v. Dabit, 547 U.S. 71, 88-89 (2006)); Yueh-Lan Wang ex rel. Wong v. New Mighty U.S. Trust, 841 F. Supp. 2d 198, 203 (D.D.C. 2012).

In fact, the Third Circuit in Emerald Investors identified four different positions that have been taken by courts or suggested by commentators for determining the citizenship of a trust when it is a party in light of the Supreme Court's decisions Navarro and Carden:

1. consider only the citizenship of the trustees;

2. consider only the citizenship of the beneficiaries;

3. apply a control-based test to determine whether the citizenship of the trustees or the beneficiaries should apply; or

4

4. consider the citizenship of both the trustees and the beneficiaries.

492 F.2d at 201-204. After reviewing these different possibilities, the Third Circuit adopted the fourth one, *i.e*, the court must look to the citizenship of both the trustees and the beneficiaries when the trust is a party. Id. at 205.

While the Eighth Circuit has not yet taken a position, at least one federal district court within the circuit has concluded that the Eighth Circuit would likely follow the Third Circuit's approach in Emerald Investors. Crews & Associates, Inc. v. Nuveen High Yield Municipal Bond Fund, 783 F. Supp. 2d 1066, 1069 (E.D. Ark. 2011). After reviewing the Eighth Circuit cases applying Carden and Navarro, the court concluded:

> Accordingly, it would appear that the correct approach is to determine diversity based on whether the trust or the trustee is the party to the suit. If the business trust itself is the party to the suit, then, as an unincorporated entity, its citizenship is determined by all of its members. If, on the other hand, the trustees sue in their own names and are thus the real parties to the controversy, diversity is determined by their citizenship.
> Because Crews has brought its action for declaratory judgment against the Nuveen Trusts and not against the individual trustees, the citizenship of *both the trustees and the beneficiaries* determines the citizenship of the trusts for purposes of diversity jurisdiction. Neither party appears to seriously dispute that the Nuveen Trusts have beneficiaries who are citizens of Arkansas. As such, there is not complete diversity among the parties and there is no diversity jurisdiction.

Id. (italics added). Arguably, if the court adopted this approach here, it would have to consider the citizenship of the beneficiaries of the member trusts in question, particularly since it is the trusts who are the members of the third-tier LLCs.

Given this split of authority and the lack of controlling Eighth Circuit precedent, the court finds the most appropriate and expeditious course at this point is to require plaintiffs to disclose the identities and citizenship of the beneficiaries of the member trusts. If no beneficiary of the member trusts is an Idaho resident, it will be unnecessary for the court to decide the issue of how the trusts'

citizenship is determined because the complete diversity requirement will be satisfied regardless of which test is applied.[2]

## III. ORDER

Based on the foregoing, the court **ORDERS** that Plaintiffs shall file with the court and disclose to defendants on or before January 21, 2014, a supplement identifying all beneficiaries of the member trusts and each beneficiary's citizenship, both at the time of the commencement of this action in state court and at the time of removal. If plaintiffs believe this information is confidential, they may move to file the document under seal and may request the issuance of a protective order before disclosing the information to defendants.

**IT IS SO ORDERED.**

Dated this 13th day of January, 2014.

*/s/ Charles S. Miller, Jr.*
Charles S. Miller, Jr., Magistrate Judge
United States District Court

---

[2] Plaintiffs initially did not voluntarily provide the membership of the plaintiffs LLCs and likely now will not be very happy about disclosing the identity of the beneficiaries of the trusts that are members of the third-tier LLCs in question. However, this court's need to know the information trumps any interest of the plaintiffs in that regard. See, e.g., Emerald Investors, 492 F.3d at 207 n.22.