**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
SOUTHWESTERN DIVISION**

| | | |
|---|---|---|
| Arnegard Holdings, LLC, and<br>Arnegard WW Holdings, LLC, | )<br>)<br>) | **ORDER DENYING MOTION** |
| Plaintiffs, | )<br>) | **TO REMAND** |
| vs. | )<br>) | |
| Tri-State Consulting Engineers, Inc.,<br>Steven W. Syrcle, Advanced Wastewater<br>Engineering, P.C., and George Miles, | )<br>)<br>)<br>) | Case No. 1:13-cv-124 |
| Defendants. | ) | |

Before the court is a "Motion for Remand for Lack of Subject Matter Jurisdiction" filed by plaintiffs on October 24, 2013. Plaintiffs argue that this case should be remanded to state court because defendants failed to show that this court has federal diversity jurisdiction pursuant to 28 U.S.C. § 1332. On December 11, 2013, the court issued an order deferring ruling on the motion and requiring plaintiffs to disclose the citizenship of their members. On December 20, 2013, plaintiffs filed the required disclosure. On January 13, 2014, the court issued an order requiring plaintiffs to disclose additional information regarding their citizenship. On January 21, 2014, plaintiffs filed the required disclosure. The court now has sufficient information to rule on the motion to remand, and for the reasons explained below, the motion will be denied.

Under 28 U.S.C. § 1332(a), federal district courts have subject matter jurisdiction over civil actions between parties with complete diversity of citizenship where the amount in controversy exceeds $75,000. Complete diversity exists when no defendant is a citizen of the same state as any plaintiff. OnePoint Solutions, LLC v. Borchert, 486 F.3d 342, 346 (8th Cir. 2007). As a general rule, in the case of an action removed based on diversity jurisdiction, complete diversity must exist

both when the state action commenced and when the notice of removal was filed. Knudson v. Sys. Painters, Inc., 634 F.3d 968, 975 (8th Cir. 2011); Ryan ex rel. Ryan v. Schneider Nat. Carriers, Inc., 263 F.3d 816, 819 (8th Cir. 2001) (citing Koenigsberger v. Richmond Silver Mining Co., 158 U.S. 41, 49-50 (1895)).

In this case, both the amount in controversy and complete diversity requirements are satisfied. As stated in the order deferring ruling on the motion to remand, the amount in controversy requirement is satisfied because plaintiffs' complaint alleges several million dollars in damages, and given the nature of the case, it appears that the potential damages exceed the jurisdictional amount. See, e.g., Larkin v. Brown, 41 F.3d 387, 388 (8th Cir. 1994) (jurisdictional amount in controversy requirement satisfied by complaint that in good faith alleges damages exceeding jurisdictional amount). In addition, no plaintiff is a resident of the same state as any defendant. As stated in the court's previous order, all defendants are Idaho citizens. Further, based on plaintiff's disclosures, the court now has sufficient information to determine that no plaintiff is a citizen of Idaho. Both plaintiff LLCs have the same members. Each plaintiff LLC has two member LLCs ("second-tier LLCs"). The members of the second-tier LLCs are two additional LLCs ("third-tier LLCs"). Each third-tier LLC has one member, a trust organized and existing under Arizona law ("member trusts"). Each member trust has one individual trustee and one individual beneficial owner, none of whom is a citizen of Idaho.[1] Accordingly, the court has subject matter jurisdiction over this action. Plaintiffs' Motion to Remand (Docket No. 10) is **DENIED**.

**IT IS SO ORDERED.**

---

[1] If defendants had been contesting diversity jurisdiction, the court likely would have required disclosure of the information and possible discovery to determine its accuracy. Here, it is plaintiffs who are contesting diversity, and the court will accept their proffer of information that demonstrates the existence of diversity jurisdiction as being accurate.

Dated this 22nd day of January, 2014.

/s/ Charles S. Miller, Jr.
Charles S. Miller, Jr., Magistrate Judge
United States District Court