# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NORTH DAKOTA
# SOUTHWESTERN DIVISION

| | |
|---|---|
| Arnegard Holdings, LLC, and<br>Arnegard WW Holdings, LLC,<br><br>        Plaintiffs,<br><br>    vs.<br><br>Tri-State Consulting Engineers, Inc.,<br>Steven W. Syrcle, Advanced Wastewater<br>Engineering, P.C., and George Miles,<br><br>        Defendants. | **ORDER DENYING**<br>**MOTION TO DISMISS OR**<br>**IN THE ALTERNATIVE FOR**<br>**OTHER RELIEF**<br><br>Case No. 1:13-cv-124 |

Before the court is a motion to dismiss or for other relief by Tri-State Consulting Engineers, Inc. and Steve Syrcle that was later joined in by Advanced Wastewater Engineering, P.C. and George Miles based on plaintiffs allegedly having failed to fully respond to outstanding discovery requests that address the issue of damages.

Defendants earlier complained about plaintiffs having failed to provide any information about their damages in response to their discovery requests. Following an informal telephone conference with the court, the parties entered into a stipulation that provided for the court entering an order requiring plaintiffs to respond to certain specified interrogatories and document demands by a date certain. Plaintiffs did provide some responses within the time period and a supplemental response shortly after.

At this point, plaintiffs have disclosed the categories of damages that they are seeking, they have put a number on most of their claimed damages, and they have provided documents that they claim support their claimed damages. For example, plaintiffs have identified and provided invoices

1

for $58,565 paid to Allied Engineering that they claim are primarily related to the cleanup of the sludge that was removed from the City's lagoons that plaintiffs claim was made their responsibility on account of bad advice from one or more of defendants. Plaintiffs have also provided support for the $15,000 in fines paid to the North Dakota Department of Health and the fact they are exposed to future fines as a result of the sludge removal. In addition, it appears plaintiffs are claiming attorney fees as consequential damages for having to deal with the sludge issue and have provided invoices for those fees, albeit with substantial portions redacted. Consequently, dismissal is not an appropriate remedy at this point since plaintiffs have provided responsive information for at least some of their claimed damages.

Defendants request, in the alternative, that the court exclude any claims for lost profits and claims for construction of a new wastewater treatment plant because of the failure to disclose any documents supporting these claims. At this point, the court is uncertain whether plaintiffs have any documents in their possession that may be necessary to support these claims[1] and/or how much of their damage claim will be proved with documents yet to be obtained during discovery from third parties or by expert testimony and calculations that will yet be forthcoming and must be disclosed by the dates set forth in the court's progression order. Consequently, the court will make no ruling on these items at this point. That being said, the court may not look favorably upon plaintiffs' reliance later upon documents (both physical and electronic) that have been in their possession or under their control from the beginning and have not yet been disclosed.[2]

---

[1] Plaintiffs claim that they had a fire in an on-site trailer that destroyed a substantial number of documents.

[2] The court also makes no ruling now on whether plaintiffs have any argument for recovery of lost profits or for the costs of a new wastewater disposal facility. If the expansion of the existing city lagoons was never a viable solution, the court is interested to see what plaintiffs' arguments are for why they are entitled to the betterment of a new wastewater facility.

Based on the foregoing, defendants' motion to dismiss or, in the alternative, for other relief (Doc. Nos. 84 & 88) is **DENIED**

**IT IS SO ORDERED.**

Dated this 23rd day of June, 2015.

                                                */s/ Charles S. Miller, Jr.*
                                                Charles S. Miller, Jr., Magistrate Judge
                                                United States District Court